IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY MILLER | : | CIVIL ACTION |
| | : | NO. 13-02145 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

O'NEILL, J.                                                      June 27, 2014

## MEMORANDUM

Presently before me are plaintiff Beverly Miller's motion seeking leave to amend her complaint and defendants' response thereto. For the following reasons I will deny plaintiff's motion.

## BACKGROUND

On April 22, 2013, plaintiff filed her application to proceed in District Court without prepaying fees and costs together with her complaint, which was approved on May 1, 2013 in the Eastern District Court of Pennsylvania.[1] Plaintiff's complaint alleges that she was unconstitutionally harmed during the course of her April 22, 2011 arrest and names the City of Philadelphia, Detective Hopkinson and Police Officers Pawloswki, McCrane, McAndrews, Broderick, Ito and McMahan as defendants. Dkt. No. 4. Discovery was completed on March 6, 2014, Dkt. No. 12, and defendants jointly filed for summary judgment on April 7, 2014. Dkt. No. 13.

---

[1]      Because plaintiff's complaint was submitted together with her application to proceed in forma pauperis, April 22, 2013 is the effective date of filing for plaintiff's complaint. See Hoffman v. Palace Entm't, No. 12-06165, 2014 WL 1233669, at *6 (E.D. Pa. Mar. 25, 2014) (considering the date plaintiff submitted her complaint and application to proceed in forma pauperis as the effective filing date).

On May 22, 2014, plaintiff filed her motion requesting leave to amend her complaint to name Lieutenant Hall, Sergeant Sileo and Police Officers Bakos, Doris, Hancock, Nelson, Andrews and McDonough and seeking to dismiss her claims against Detective Hopkinson and Police Officers Pawloswki, McAndrews, Broderick, Ito and McMahan.  Dkt. No. 14.  Plaintiff claims that she received knowledge of the allegedly correct identities of those involved in her arrest during her deposition of Officer Broderick on April 29, 2014.  Dkt. No. 14 at ECF p. 4. Defendants contend however that plaintiff has been aware that she named the wrong defendants since September 4, 2013, when earlier depositions revealed that the individuals originally accused did not work in the district or were not working on the day of plaintiff's alleged injury.[2] Dkt. No. 16 at ECF p. 4.

Plaintiff requests that she be granted leave to amend under Rule 15(c) of the Federal Rules of Civil Procedure which governs the relation-back doctrine.  Dkt. No. 14 at ECF p. 5-6. Defendants argue that leave should not be granted because plaintiff's request is futile since the statute of limitations for her claims has expired and the application of Rule 15(c) is inappropriate.  Dkt. No. 16 at ECF p. 6-14.

## DISCUSSION

The statute of limitations for plaintiff's § 1983 claim for an alleged violation of her constitutional rights, brought in the Commonwealth of Pennsylvania, is two years from the date of her alleged injury.  See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (determining that the statute of limitations for a § 1983 claim is properly governed by Pennsylvania's statute of limitations and a cause of action's accrual date is governed by Federal law); see also 42 Pa.

---

[2]      In support of their contention, defendants provide an email dated September 23, 2013, in which plaintiff's counsel confirms that plaintiff intends to file an amended complaint. See Dkt. No. 16-1 at ECF p. 13, Exhibit C.

Cons. Stat. § 5524(2) (effective Mar. 17, 2014) (providing a two year statute of limitations for a personal injury claim); United States v. Kubrick, 444 U.S. 111, 120-25 (1979) (stating that a cause of action for a tort claim accrues at the time plaintiff suffers an injury).  Since plaintiff's claimed injury occurred on April 22, 2011, the statute of limitations for her claim against the proposed defendants expired on April 22, 2013.  Plaintiff may, however, overcome the statute of limitations if her proposed claim relates back to the date of the original filing in accordance with Federal Rule of Civil Procedure 15(c).  I find though that for the following reasons plaintiff's amendment does not relate back to the original complaint and thus amendment would be futile.

## I.      Legal Standard: Rule 15(c)(3)

"Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint."  Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001).  Rule 15(c) provides in relevant part:

> (1) When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Here, in order for plaintiff to add or substitute defendants, she must demonstrate that all of the requirements of Rule 15(c)(1)(C) are satisfied.  As the Court of Appeals has stated, "[t]he Rule is written in the conjunctive, and courts interpret [the rule] as imposing three conditions, all

of which must be met for a successful relation back of an amended complaint that seeks to substitute newly-named defendants."  Singletary, 266 F.3d at 194.  The rule requires: (1) that the amendment asserts a claim that arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) that the proposed defendants received notice within the period prescribed by Rule 4(m) such that they would not be prejudiced in defending on the merits; and (3) that the proposed defendants knew or should have known that the action would be brought against them but for a mistake of identity.  Fed. R. Civ. P. 15(c)(1)(C); see Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (stating the Rule 15(c)(1)(C) standard for the addition of new parties).

It is clear that plaintiff meets the first prong of this test since her proposed amendment plainly arises out of the same incident set forth in her original pleading, her April 22, 2011 arrest.  Compare Dkt. No. 4 with Dkt. No. 14.  At issue then is whether the proposed defendants had notice of the action within the period prescribed by Rule 4(m) and whether the proposed defendants knew or should have known that but for a mistake of identity they would have been named in the original complaint.

**II.     Defendants Did Not Receive Notice**

The proposed defendants did not receive timely notice of plaintiff's action.  Rule 4(m) requires that notice be given within 120 days after the complaint is filed and allows extension of this time period only if plaintiff shows good cause for failure.  Fed. R. Civ. P. 4(m).  In Singletary, 266 F.3d at 195, the Court of Appeals held that under Rule 15(c)(3), "notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means."  The Court of Appeals

4

recognizes two possible methods by which a court may impute constructive or implied notice under Rule 15(c)(3): the shared attorney method and the identity of interest method.  See id.; see also Garvin, 354 F.3d at 223 (stating that there are two possible methods through which service may be imputed under Rule 15(c)(3)).

### A.    The Shared Attorney Method

In analyzing the shared attorney method, "[t]he relevant inquiry is whether notice of the institution of this action can be imputed to [the defendants sought to be named] within the relevant 120 day period . . . by virtue of representation [they] shared with a defendant originally named in the lawsuit."  Garvin, 354 F.3d at 223, quoting Singletary, 226 F.3d at 196.  "[T]he fundamental issue [sic] is whether the attorney's later relationship with the newly-named defendant[s] gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to the newly-named defendant[s]."  Singletary, 266 F.3d at 196-97.  In Garvin, the Court of Appeals held that in order to impute notice through the shared attorney method, plaintiff must "show that there was 'some communication or relationship' between the shared attorney and the [proposed] defendant[s] prior to the expiration of the 120 day period."  Garvin, 354 F.3d at 223, quoting Singletary, 226 F.3d at 196-97.

Defendants correctly argue that notice may not be imputed to the newly-named defendants through the shared attorney method because plaintiff does not demonstrate that any communication or relationship existed between Regina Lawrence, the attorney for the original defendants, and the defendants sought to be named.  Plaintiff's proposed amended complaint provides no evidence that the proposed defendants had any communication with Ms. Lawrence and I cannot infer this solely from the fact that she represents both the City of Philadelphia and

the originally named individuals.  See Smith v. City of Phila., 363 F. Supp. 2d 795, at *800-01

(E.D. Pa. 2005) (finding that if there is no evidence of some communication or relationship

between the attorney and the defendants sought to be named, notice may not be imputed even if

all of the original defendants are represented by the same attorney); see also Garvin, 354 F.3d at

224 (requiring plaintiff to provide evidence of the alleged communication or relationship).

  That the proposed defendants would likely be represented by Ms. Lawrence does not

change my analysis; the issue here "is not whether new defendants will be represented by the

same attorney, but rather whether the new defendants are being represented by the same

attorney" within the relevant 120 day period.  Garvin, 354 F.3d at 223; see also Gayle v. Lamont,

No. 09-1290, 2013 WL 102660, at *10 (E.D. Pa. Jan. 9, 2013) (finding that representation after

the 120 day period is not evidence of a communication or a relationship within the critical period

relevant under 15(c)).  Absent any evidence of a communication or a relationship between Ms.

Lawrence and the proposed defendants, I will not find that these individuals had notice of the

lawsuit through the shared attorney method.

  **B.**  **The Identity of Interest Method**

  Notice furthermore may not be imputed to the newly-named defendants through the

identity of interest method.  The identity of interest method imputes notice "if the parties are so

closely related in their business operations or other activities that filing suit against one serves to

provide notice to the other of the pending litigation."  Garvin, 354 F.3d at 227.  The Court of

Appeals held in Singletary and affirmed in Garvin that "absent other circumstances that permit

the inference that notice was actually received, a non-management employee . . . does not share a

sufficient nexus of interests with his or her employer so that notice given to the employer can be

imputed to the employee for Rule 15(c)(3) purposes."  Id., quoting Singletary, 266 F.3d at 200.

6

The facts in <u>Garvin</u> are nearly identical to those before me today.  In <u>Garvin</u>, plaintiff's original complaint named the City of Philadelphia and "Police Officer John Doe."  <u>Id.</u> at 217.  After the statute of limitations had run, plaintiff attempted to add the names of the officers involved in the incident, arguing that she ought to be allowed to do so under Rule 15(c) because there was a shared identity of interest between the city and the newly-named police officers.  <u>Id.</u> at 227.  The Court of Appeals dismissed this argument, holding that because individual police officers do not qualify as managerial employees, they do not share a "sufficient nexus of interests" with their employer.  <u>Id.</u>  Applying the Court of Appeals' holding in <u>Garvin</u>, I will not impute notice to the proposed defendants because of an identity of interest with the City of Philadelphia.

Plaintiff suggests that I distinguish her request from <u>Garvin</u> because the proposed defendants share an identity of interest with the named defendant Officer McCrane since the officers are all "rank-and-file employee[s]."  <u>See</u> Dkt. No. 17 at ECF p. 6.  I will not find, however, just because the proposed defendants and an originally named defendant are police officers, that there is a sufficient identity of interest to impute notice.  <u>See</u> <u>Brown v. McElwee</u>, No. 12-3547, 2012 WL 5948026, at *6 (E.D. Pa. Nov. 7, 2013) (declining to impute notice even though a police officer originally named in the complaint and not dismissed in the proposed amended complaint shared an office with a police officer proposed as a defendant).  Because the proposed defendants do not share a sufficient interest with the City or the originally-named officers, I cannot infer that the proposed defendants received notice of this lawsuit within the 120 day period prescribed by Rule 4(m) via the identity of interest method.

### C.       Extension under Rule 4(m)

Rule 4(m) provides that "if the plaintiff shows good cause for the failure [to provide

service within 120 days], the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). [3]   The Court of Appeals considers three factors when determining if good

cause has been demonstrated:  (1) whether plaintiff made reasonable efforts to serve the

defendants; (2) whether there is potential prejudice to the defendants; and (3) whether plaintiff

moved for an enlargement of time to serve.  MCI Telecomms. Corp. v. Teleconcepts, Inc., 71

F.3d 1086, 1097 (3d Cir. 1995).  The Court of Appeals has held that when assessing good cause,

"the primary focus is on the plaintiff's reasons for not complying with the time limit in the first

place."  Id.

---

[3]       The Advisory Committee Notes to Rule 15(c)(1)(C) suggest that 4(m)'s extension of the 120 day service requirement allows for consideration of additional time under Rule 15(c)(1)(C)'s second prong:

> In allowing a name-correcting amendment within the time allowed by Rule 4(m), [Rule 15(c)(1)(C)] allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to [Rule 4(m)], as may be granted, for example, if the defendant is a fugitive from service of the summons.

Fed. R. Civ. P. 15, Advisory Committee Note (1991 Amendment).  Courts however are divided on when the good cause extension of Rule 4(m) applies to a Rule 15(c) analysis.  In Singletary, 226 F.3d at 195-96, and Garvin, 354 F.3d at 221, the Court of Appeals strictly considered whether notice was given "within 120 days of the institution of the action."  In Green v. Robinson, 112 F. App'x 165, 169 (3d Cir. 2004), however, the Court of Appeals affirmatively analyzed whether the plaintiff had good cause for his "failure to provide timely notice of the action" and held that the plaintiff did not have good cause because plaintiff's "delay was the direct result of [plaintiff's] tactical decision to suspend consideration of [a] matter so that he could strengthen and pursue his [other] claim."  Courts in this District are currently split on what these precedential holdings require.  Compare Anderson v. Doe I, No. 11-62-67, 2012 WL 6645536, at *4 (E.D. Pa. Dec. 20, 2012) (reviewing whether plaintiff had good cause for delaying to amend her complaint after the 120 day period for service had expired), with E.H. v. Sch. Dist. of Phila., No. 08-2392, 2009 WL 4911936, *4 (E.D. Pa. Dec. 21, 2009) (declining to "engage in a 'good cause' analysis because [Rule 15(c)(1)(C)] says nothing about a 'good cause' exception" and confining the Green analysis to failure to provide service, as opposed to failure to provide notice).

Plaintiff's response states that she did not file her amended complaint earlier because she did not have knowledge of the correct identities of the police officers until April 29, 2014. Dkt. No. 17 at ECF p. 7. However, plaintiff does not explain why she did not attempt to ascertain the identities of the proposed defendants sooner when she knew as early as September 4, 2013 that she had named the wrong defendants and the 120 day period for service had just expired. She says only that "by the time Defendant[s'] counsel told [her] that the defendants were wrongly named the statute of limitations had already passed." Dkt No. 17 at ECF p. 7; see also Dkt. No. 16 at ECF p. 4; Dkt. No. 16-1 at ECF p. 13. That plaintiff learned she had named the wrong defendants after the statute of limitations for her claims had expired is, however, in great part due to plaintiff's own choice to wait to file her complaint until April 22, 2013, the last day to file her claim. See Garvin, 354 F.3d at 220, n.6 (noting in their assessment of potential prejudice to the defendants that "to an extent Garvin's problems are self-inflicted as they are attributable to her delay in bringing this case [6 days before the running of the statute of limitations]").

Plaintiff's motion for leave to amend comes approximately nine months after she knew that she had named the wrong defendants, three years after the statute of limitations for her claim has expired, nine months after the 120 day period for service has expired and after the close of discovery and the deadline for dispositive motions. Cf. Anderson, 2012 WL 6645536, at *4 (holding that good cause is not shown when plaintiff could have taken earlier action to amend her complaint to name the correct police officers or sought an extension of service). Plaintiff here did not hasten to ascertain the correct identities of the defendants and to serve them, nor did she move for an enlargement of her time to serve. For this reason, and because I find that the proposed defendants would be prejudiced if added at this late stage in the litigation process and three years after the alleged incident, I will not extend the length of time of service for good

cause.  See id. (finding that police officers would be prejudiced if added as defendants after the

deadlines for discovery and dispositive motions and three years after the alleged incident).

### III.  Mistake of Identity

Because Rule 15(c) is a conjunctive three-part test, failure to satisfy any one part

provides a basis to rule against plaintiff's motion for leave to amend.  See Singletary, 266 F.3d at

194.  Since plaintiff has not satisfied the notice requirement, I need not analyze whether the

officers knew or should have known that but for a mistake of identity they would have been

named in the original complaint.  See Anderson, 2012 WL 6645536, at *5 (refraining from

considering the third element of the 15(c) test since plaintiff did not satisfy the notice

requirement).

### IV.  Conclusion

I find that plaintiff's proposed amendment does not relate back to her original complaint

since the defendants sought to be named were not properly served within the 120 day period

prescribed by Rule 4(m) and plaintiff has not demonstrated good cause for extension of this

length of time.  Because plaintiff has not satisfied either method of notice imputation under Rule

15(c) and the statute of limitations for her claim expired on April 22, 2013, amendment would be

futile.  Accordingly, I will deny her motion for leave to amend her complaint.

An appropriate Order follows.