IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY MILLER | : | CIVIL ACTION |
| | : | NO. 13-02145 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM AND ORDER**

On June 27, 2014, I issued an order denying plaintiff Beverly Miller's motion for leave to amend her complaint. Now before me is a letter to the Court from plaintiff which has been docketed as a motion seeking reconsideration of the June 27 Order.[1] Dkt. No. 20. For the following reasons I will deny plaintiff's motion.

In my prior opinion, I found that plaintiff's request to amend her complaint was futile since the statute of limitations for her claims had expired and relation-back under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure was inappropriate because the defendants whom plaintiff proposed to add did not receive notice of her claims within the 120 day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. See Dkt. No. 18 at ECF p. 10.

Plaintiff now asserts "that her malicious prosecution claims under the 4th Amendment and Pennsylvania law are still viable as her criminal case was dismissed on February 7, 2012 . . . [and that] "[u]nder Rule 4(m), [she] would have 120 days from February 7, 2014 to June 7, 2014

---

[1] Local Civil Rule 7.1(g) allows parties to file motions for reconsideration. "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "In a motion for reconsideration, the burden is on the movant . . . to show 'manifest' errors of law or fact or new evidence." Egervary v. Rooney, 80 F. Supp. 2d 491, 506 (E.D. Pa. 2000) (citation omitted). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. [It is improper] to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted). "Because of the interest in finality . . . courts should grant motions for reconsideration sparingly." Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

to amend her complaint to add the newly identified officer defendants."[2]  Dkt. No. 20 at ECF p. 1.

In her motion for reconsideration, plaintiff, for the first time, correctly asserts that her malicious prosecution claims expired February 7, 2014, two years from the date her criminal case was nolle prossed.[3]  Contrary to her contention in her motion for reconsideration however, I find that plaintiff does not have 120 days after the February 7, 2014 expiration of the statute of limitations for those claims to serve notice on the proposed defendants.[4]  Like her other claims, plaintiff's claims for malicious prosecution are subject to the relation-back doctrine of Rule 15(c)(1)(C). [5]

---

[2] Plaintiff's May 22, 2014 petition sought to amend all of her claims pursuant to the relation-back doctrine governed by Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Dkt. No. 14 at ECF p. 5.  Plaintiff's motion seeking leave to amend did not address the separate expiration date for the statute of limitations for her malicious prosecution claims.  In plaintiff's motion for reconsideration, she asserts for the first time that her malicious prosecution claims expired on February 7, 2014, unlike all of her other claims whose statute of limitations expired on April 22, 2013.  In contrast, in plaintiff's earlier response to defendants' opposition to her request for leave to amend, plaintiff stated that the reason she did not file her claims within the statute of limitations was because "by the time [d]efendants' counsel told [her] [on September 4, 2013] that the defendants were wrongly named the statute of limitations had passed."  Dkt. No. 17 at ECF p. 7.  If plaintiff knew that the statute of limitations for her malicious prosecution claims did not expire until February 7, 2014, she should have stated that her reason for delay did not pertain to these claims.  In their opposition, defendants also explicitly stated, "[t]hus, because the incident transpired on April 22, 2011, any claims against the above named members of the Philadelphia Police Department must have been asserted on or before April 22, 2013."  Dkt. No. 16 at ECF p. 6.  Plaintiff should have but did not assert in her response that defendants' statement was inaccurate insofar as it pertained to her malicious prosecution claims.

[3] I need not decide here whether the Court of Common Pleas of Philadelphia County's nolle prosequi dismissal qualifies as a favorable termination since I find plaintiff's amendment is futile.

[4] Rule 4(m) states that the time limit for service "is 120 days after the complaint is filed." Fed. R. Civ. P. 4(m).  Rule 4(m) does not grant plaintiff a 120 day extension of the statute of limitations period for filing her complaint.

[5] Plaintiff asserts her malicious prosecution claims in Counts I and IV of her proposed amended complaint.  Count I states, "[t]he arrest and detention of plaintiff, by defendants, was carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal excessive force, false arrest, false

Since the statute of limitations for her malicious prosecution claims expired on February 7, 2014, prior to her May 22, 2014 motion seeking leave to amend, the only way for plaintiff's amendment to satisfy the statute of limitations is if it relates back to her original complaint. See Muhammed v. Pawlowski, No. 11-5004, 2012 WL 748411, at *1 (E.D. Pa. Mar. 7, 2012) ("A plaintiff may only add a new claim or name a new party after the statute of limitations has expired if the plaintiff demonstrates that the new claims or parties relate back to the filing date of the original complaint."), citing Estate of Grier ex rel. Grier v. Univ. of Pa. Health Sys., No. 07-4224, 2009 WL 1652168, at *2 (E.D. Pa. June 11, 2009) ("When a party seeks leave to file an amended complaint adding a new claim or naming a new party after the statute of limitations has expired, the requested leave may only be granted if the new claims or parties relate back to the filing date of the original complaint.").

As I found in my June 27, 2014 opinion, plaintiff's claims for malicious prosecution do not relate back to her original complaint, filed on April 22, 2013, because the proposed defendants did not receive actual or constructive notice of the suit within 120 days of the filing of her original complaint and plaintiff has not shown good cause for her failure to provide service by August 22, 2013, such that an extension of the 120 day deadline would be warranted. See Garvin v. City of Phila., 354 F.3d 215, 222 (3d Cir. 2003) (stating that notice must be received within the "120-day period after the filing of the original complaint"). As stated in my prior opinion, plaintiff's actions were dilatory and the proposed defendants would be prejudiced if added after the completion of discovery and the deadline for dispositive motions. That plaintiff's malicious prosecution claims could have been asserted against the correct defendants

---

imprisonment and malicious prosecution of plaintiff." Dkt. No. 14 at ECF p. 12.  Count IV conclusorily asserts "[t]he actions of defendants amount to a malicious prosecution under both 28 U.S.C. § 1983 and the common law." Id. at 14.

3

prior to the expiration of the statute of limitations makes her delay in ascertaining the defendants' correct identities and late filing of her amended complaint all the more problematic. Plaintiff learned that she had named incorrect defendants approximately five months before the statute of limitations for her malicious prosecution claims expired on February 7, 2014. Plaintiff should have hastened to discover the defendants' correct identities. See Dkt. No. 17 at ECF p. 2.

Accordingly, I find that although the statute of limitations for plaintiff's malicious prosecution claims expired on a different date than her other claims, any amendment of her malicious prosecution claims would still be futile since the statute of limitations for them has expired and plaintiff's proposed amendment does not relate back to the original complaint because the proposed defendants did not receive timely notice of the action.

AND NOW, this 21st day of July, 2014, upon consideration of plaintiff's motion for reconsideration, it is hereby ORDERED that plaintiff's motion is DENIED.

       /s/ Thomas N. O'Neill
      THOMAS N. O'NEILL, JR., J.